JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
**KELLI MCREYNOLDS**

**DEFENDANTS**
**MARKETLAB, INC., D/B/A FOCUS POINTE GLOBAL & MARKETLAB RESEARCH, INC., D/B/A FOCUS POINTE GLOBAL**

(b) County of Residence of First Listed Plaintiff **Philadelphia**

County of Residence of First Listed Defendant **Philadelphia**

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

**Lane J. Schiff, Esquire**
Console Law Offices LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102  215-545-7676

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | **IMMIGRATION** | | |
| ☐ 240 Torts to Land | / ☐ 530 General | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 463 Habeas Corpus - Alien Detainee | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 550 Civil Rights | | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §2000e, et seq. ("Title VII"), 43 P.S. §951, et seq. ("PHRA"); Practices Ordinance, Phila. Code §9-1101, et seq. ("PFPO").

Brief description of cause:
Plaintiff is alleging sexual harassment and retaliation.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** in excess of 150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____ DOCKET NUMBER _____

Explanation:

DATE **September 2, 2016**

SIGNATURE OF ATTORNEY OF RECORD *[signature]*

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

**Kelli McReynolds** : CIVIL ACTION
:
v. Plaintiff, :
:
MarketLab, Inc. d/b/a Focus Pointe Global & MarkeLab :
Research, Inc., d/b/a Focus Pointe Global : NO.
Defendants.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

**September 2, 2016**           Attorney-at-law           **Lane J. Schiff, Attorney for Kelli McReynolds**
Date                                                      Attorney for Plaintiff

(215) 545-7676        (215) 405-2964        schiff@consolelaw.com
Telephone             FAX Number            E-Mail Address

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT     APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **Philadelphia, PA 19145**

Address of Defendant: **100 East Penn Square, Suite 1200, Philadelphia, PA 19107**

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☐

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, **Lane J. Schiff, Esquire**, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **September 2, 2016**    _____    314179
                                Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **September 2, 2016**    _____    314179
                         Lane J. Schiff, Esquire

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLI MCREYNOLDS<br>Philadelphia, PA 19145<br><br>Plaintiff,<br><br>v.<br><br>MARKETLAB, INC., D/B/A FOCUS POINTE GLOBAL<br>100 East Penn Square, Suite 1200,<br>Philadelphia, PA 19107<br><br>&<br><br>MARKETLAB RESEARCH, INC., D/B/A FOCUS POINTE GLOBAL<br>100 East Penn Square, Suite 1200,<br>Philadelphia, PA 19107<br><br>Defendants. | CIVIL ACTION NO.<br><br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

### I. INTRODUCTION

Plaintiff, Kelli McReynolds, brings this action against her former employers, Defendants, Marketlab, Inc. d/b/a Focus Pointe Global, and Marketlab Research, Inc. d/b/a Focus Pointe Global. Plaintiff was subjected to egregious sexual harassment, including a male supervisor telling Plaintiff that she had "nice tits" and a "nice ass", and referring to Plaintiff, and other female employees, as "bitch". Despite Plaintiff complaining, repeatedly, regarding Defendants' sex discriminatory conduct. Defendants failed to take action regarding the same. As a result of Defendants' sex discriminatory and retaliatory conduct, and their failure to take action regarding the same, Plaintiff was constructively discharged from her employment. Plaintiff brings this

action for unlawful harassment, discrimination, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.*, ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code §9-1101, *et seq.* ("PFPO"). Plaintiff seeks damages, including back-pay, front-pay, compensatory, punitive, costs and attorneys' fees, and all other relief that this Court deems appropriate.

**II.     PARTIES**

1.     Plaintiff, Kelli McReynolds, is an individual and a citizen of the Commonwealth of Pennsylvania. She resides in Philadelphia, Pennsylvania.

2.     Defendant Marketlab, Inc. d/b/a Focus Pointe Global is a corporation maintaining a place of business at 100 East Penn Square, Suite 1200, Philadelphia, Pennsylvania 19107. Plaintiff's Form W2 are from Defendant Marketlab, Inc.

3.     Defendant Marketlab Research, Inc. d/b/a Focus Pointe Global is a corporation maintaining a place of business at 100 East Penn Square, Suite 1200, Philadelphia, Pennsylvania 19107.

4.     At all times material hereto, Defendants collectively constituted Plaintiff's employers under the joint and/or single employer doctrine. Upon information and belief, Defendants shared common management, had interrelated operations, and collectively controlled Plaintiff's job duties and responsibilities.

5.     At all times material hereto, Defendants were employers within the meanings of the statute that form the basis of this matter.

6.     At all times material hereto, Plaintiff was an employee within the meanings of the statute that form the basis of this matter.

### III.  JURISDICTION AND VENUE

7. The causes of action that form the basis of this matter arise under Title VII, the PHRA, and the PFPO.

8. The District Court has jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. §1331.

9. The District Court has supplemental jurisdiction over Count II (PHRA) and Count III (PFPO) pursuant to 28 U.S.C. §1367.

10. Venue is proper in the District Court pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5.

11. On or about December 8, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein ("Charge"). Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the EEOC Charge of Discrimination (with minor redactions for purposes of electronic filing of confidential/identifying information).

12. On or about June 6, 2016, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein, and marked as Exhibit "B" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

13. Plaintiff is filing this complaint within ninety (90) days from her receipt of this notice.

14. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.  FACTUAL ALLEGATIONS

15.  Plaintiff was employed by Defendants from on or about July 27, 2007 until on or about October 9, 2015.

16.  Plaintiff was a dedicated, loyal, and hardworking employee. Plaintiff consistently performed her job duties in an excellent manner.

17.  Plaintiff held the position of Recruiter from the time she commenced employment until on or about July 19, 2011.

18.  On or about July 19, 2011, Plaintiff was promoted to Quality Control Coordinator. At that time, Plaintiff began reporting to Kelly Frake, Executive Vice President, Recruiting Department.

19.  During Plaintiff's employment, Defendants subjected her to discriminatory conduct and comments because of her sex.

20.  Defendants' sex discriminatory conduct included, but was not limited to the following:

   a.  David Chapman, Supervisor, Recruiting Department, and above Plaintiff's level, telling Plaintiff, on numerous occasions, that she "had nice tits";

   b.  Chapman telling Plaintiff, on numerous occasions, that she had a "nice ass";

   c.  Chapman referring to Plaintiff and other female employees as "bitch";

   d.  Chapman taking a picture of his penis and sending it to multiple female employees, of which Plaintiff was aware; and

4

  e.  Chapman asking, Mary Filonardi, Recruiter, in Plaintiff's presence, "Do you think your pussy's that pretty?", when he saw Ms. Filonardi with a cell phone lying in her lap.

21. Plaintiff complained of Defendants' unlawful behavior on numerous occasions, including to Ms. Frake, Isaiah Black, Operations Manager, and Patula Wilson, Senior Director of Human Resources.

22. Defendants failed to take appropriate remedial action and Plaintiff continued to be subjected to sex discriminatory conduct.

23. Subsequent to Plaintiff's complaints of unlawful treatment, she was subjected to sex discriminatory and retaliatory treatment. Defendants' unlawful conduct included, but was not limited to:

  a.  Chapman instructing a direct report to follow Plaintiff around and shadow her throughout the day, so that he could keep track of her whereabouts;

  b.  Chapman unjustly disciplining Plaintiff on numerous occasions;

  c.  Chapman speaking to Plaintiff in an aggressive and hostile manner, including, but not limited to, telling Plaintiff that he needed "to know every fucking move" she makes;

  d.  Chapman requesting that Plaintiff's job duties and authorities be diminished, which Defendants agreed to do; and

  e.  Chapman requesting that Plaintiff be demoted to the position of Quality Control Assistant, to which Defendants agreed.

24. Defendants repeatedly failed to take appropriate remedial action.

25. Defendants' continued unlawful treatment of Plaintiff caused her anxiety, panic attacks, and stress, thereby necessitating that she take a medically necessary leave of absence on or about October 2, 2015.

26. Based on the hostile and continued discriminatory and retaliatory treatment to which Plaintiff was subjected, Plaintiff was constructively discharged from her employment, and she informed Defendants she was unable to return work on or about October 9, 2015.

27. Plaintiff's working conditions were so intolerable that a reasonable person could not have continued working for Defendants.

28. Plaintiff's sex was a motivating and/or determinative factor in connection with Defendants' treatment of her, including, the hostile work environment to which she was subjected and terminating her employment.

29. Plaintiff's complaining of sex discrimination was a motivating and/or determinative factor in connection with Defendants' treatment of her, including, the hostile work environment to which she was subjected and the termination of her employment.

30. Plaintiff was subjected to severe and/or pervasive conduct that that interfered with her ability to perform her job duties and was not welcomed by Plaintiff, thereby creating a hostile work environment.

31. The discrimination and retaliatory conduct of Defendants, as alleged herein, was severe and/or pervasive enough to make a reasonable employee believe that the conditions of her employment had been affected and that a hostile work environment existed, and make Plaintiff believe that the conditions of her employment had been affected and that a hostile work environment existed.

32. The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct and a hostile work environment would have discouraged a reasonable employee form complaining of discrimination.

33. Defendants failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take appropriate corrective and/or remediation measures to make the workplace free of harassing, discriminatory and retaliatory conduct.

34. As a direct and proximate result of the unlawful conduct of Defendants complained of herein, Plaintiff has in the past incurred, and will in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and/or loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – TITLE VII

35. Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

36. By committing the foregoing acts of discrimination, retaliation, and harassment, Defendants have violated Title VII.

37. Said violations were done with malice and/or reckless indifference to Plaintiff's rights and warrant the imposition of punitive damages.

38. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

39. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered the damages and losses set forth herein.

40. Plaintiff is now suffering and will continue to suffer irreparable injury and

7

monetary damages as a result of Defendants' discriminatory and retaliatory acts unless this Court grants the relief requested herein.

41. No previous application has been made for the relief requested herein.

## COUNT II – PHRA

42. Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

43. By committing the foregoing acts of discrimination, retaliation, and harassment, Defendants have violated the PHRA.

44. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

45. As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein.

46. No previous application has been made for the relief requested herein.

## COUNT III - PFPO

47. Plaintiff incorporates herein by reference the paragraphs above, as if set forth at length herein.

48. By committing the foregoing acts of discrimination, retaliation, and harassment against Plaintiff, Defendants have violated the PFPO.

49. Defendants acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

50. As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

51. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless this Court grants the relief requested herein.

52. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

    a.    declaring the acts and practices complained of herein to be a violation of Title VII;

    b.    declaring the acts and practices complained of herein to be a violation of the PHRA;

    c.    declaring the acts and practices complained of herein to be a violation of the PFPO;

    d.    enjoining and restraining permanently the violations alleged herein;

    e.    awarding compensatory damages to Plaintiff to make Plaintiff whole for past and/or future lost earnings;

    f.    awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

    g.    awarding punitive damages to Plaintiff;

    h.    awarding Plaintiff the costs of this action, together with reasonable attorneys' fees;

  i.  awarding Plaintiff such other damages as are appropriate under Title VII, the PHRA, and the PFPO; and

  j.  granting such other and further relief as this Court deems appropriate.

Date: 9/2/16      By:  **CONSOLE LAW OFFICES LLC**

STEPHEN G. CONSOLE
LANE J. SCHIFF
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 545-8211 (facsimile)

Attorneys for Plaintiff, Kelli McReynolds

# EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q FEPA<br>X EEOC | |
| STATE OR LOCAL AGENCY: PHRC | | |

| NAME (Indicate Mr., Ms., Mrs.)<br>**Kelli McReynolds** | HOME TELEPHONE NUMBER *(Include Area Code)* | |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP<br>**Philadelphia, PA 19145** | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Focus Pointe Global** | NUMBER OF EMPLOYEES, MEMBERS<br>> 100 | TELEPHONE (Include Area Code)<br>215-701-1500 |
|---|---|---|
| STREET ADDRESS<br>**100 East Penn Square, Suite 1200** | CITY, STATE AND ZIP<br>**Philadelphia, PA 19107** | COUNTY<br>**Philadelphia** |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>0 Race  0 Color  **XX Sex**  0 Religion  0 National Origin<br>0 Retaliation  0 Age  0 Disability  0 Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*           *Latest*<br>                                **October 9, 2015** |
|---|---|

**The Particulars Are:**

A.  1.  <u>Relevant Work History</u>

Respondent hired me on or about July 27, 2007 as a Recruiter. On or about July 19, 2011, Respondent promoted me to Quality Control Coordinator. At all relevant times hereto, I reported to Kelly Frake (female), Executive Vice President, Recruiting Department.

Throughout my more than eight (8) years of employment with Respondent, I have been a dedicated, loyal and hardworking employee. At no time prior to my constructive discharge on October 9, 2015, did Respondent subject me to progressive discipline or place me on a Performance Improvement Plan.

| **X** I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>SIGNATURE OF COMPLAINANT<br>*[signature]*<br>Date: 13/3/15       Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

EEOC Charge of Discrimination
Page 2 of 3
**Kelli McReynolds v. Focus Pointe Global**

2. Harm Summary

Respondent has discriminated against me because of my sex (female), including, but not limited to, subjecting me to a hostile work environment and constructively discharging my employment. Evidence of Respondent's discriminatory conduct includes, but is not limited to, the following:

(a) In or around January 2014, David Chapman (male), Assistant Supervisor, Recruiting Department, asked my co-worker, Mary Filonardi (female), "Do you think your pussy's that pretty?", when he saw Ms. Filonardi with a cell phone lying in her lap.

(b) Ms. Filonardi and I reported Mr. Chapman's comment to Ms. Frake. Ms. Frake responded to our complaint with "he (Mr. Chapman) didn't say that."

(c) Upon information and belief, Respondent failed to investigate Ms. Filonardi and my complaint and/or take any disciplinary action against Mr. Chapman for his discriminatory conduct.

(d) From in or around October 2014 through in or around October 2015, Mr. Chapman would engage in discriminatory conduct towards me, including, but not limited to, the following:
  i. Mr. Chapman would tell me I "had nice tits" and that he had "dreams about you [me]";
  ii. From October 2014 through October 9, 2015, Mr. Chapman would refer to myself and my female co-workers as "this bitch";

(e) From in or around October 2014 through in or around October 2015, I repeatedly reported Mr. Chapman's discriminatory comments and conduct to Ms. Frake. Upon information and belief, Respondent failed to investigate my complaints and/or take any disciplinary action against Mr. Chapman for his discriminatory conduct towards me.

(f) I also repeatedly reported Mr. Chapman's discriminatory comments and conduct to Isiah Black (male), Operations Manager, Recruiting Department. Upon information and belief, Respondent failed to investigate my complaints and/or take any disciplinary action against Mr. Chapman for his discriminatory conduct towards me.

(g) In or around August 2015, I reported Mr. Chapman's discriminatory conduct, including his subjecting me to a hostile work environment, to Petula Wilson, Senior Director of Human Resources.

(h) Upon information and belief, Respondent failed to investigate my complaints of Mr. Chapman's discriminatory conduct and/or take any disciplinary action against Mr. Chapman for his discriminatory conduct towards me.

**EEOC Charge of Discrimination**
**Page 3 of 3**
**Kelli McReynolds v. Focus Pointe Global**

(i) On or about October 2, 2015, I took medical leave from Respondent due to a medical condition I suffered from as a result of Respondent's discriminatory conduct towards me, including subjecting me to a hostile work environment.

(j) On or about October 9, 2015, I resigned from my employment with Respondent. My resignation was a result of Respondent's discriminatory conduct, which created objectively intolerable employment conditions.

B.    1.    <u>Respondent's Stated Reasons</u>

    (a)    Respondent has offered no reason for discriminating against me, including subjecting me to a hostile work environment, based on my sex.

    (b)    Respondent has offered no reason for constructively discharging my employment.

C.    1.    <u>Statutes and Bases for Allegations</u>

I allege that Respondent has discriminated against me based on my sex (female), including subjecting me to a hostile work environment and constructively discharging my employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000, et seq. ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951 *et seq.* ("PHRA").

### INFORMATION FOR COMPLAINANTS & ELECTION OPTION
### TO DUAL FILE WITH THE
### PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Kelli McReynolds v. Focus Pointe Global**

EEOC No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

__X__ I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

__X__ *I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X _____ 12/3/15
Signature and Date (Kelli McReynolds)

# EXHIBIT B

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Kelli McReynolds
Philadelphia, PA 19145

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-01258 | Legal Unit, Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Spencer H. Lewis, Jr.,
District Director

6/6/16
(Date Mailed)

Enclosures(s)

cc: Laura Pritchard
Human Resources Manger
FOCUS POINTE GLOBAL
100 Penn Square East
William Penn Annex West, PA 19107

Nicolas Romeo
CONSOLE LAW OFFICES
1525 Locust Street
9th Floor
Philadelphia, PA 19102